IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES AMAR WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 1:16-CV-777-MHT |
| | )   [WO] |
| MARK JOHNSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate confined at the Houston County Jail.   Plaintiff complains that his bond was revoked and a "no bond" for his non-capital offense was imposed. He complains he has been confined for five months without bond. Plaintiff requests a court order for a bond reduction. Named as defendants are the Honorable Kevin Moulton, District Attorney Mark Johnson, and Thomas S. Smith, Esq. Doc. 1. Upon review of Plaintiff's allegations, the court concludes this case is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. Doc. 3.   A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.   DISCUSSION

**A.   The Honorable Kevin Moulton**

1. <u>Non-Final Orders</u>. Plaintiff's allegations against Judge Moulton concern rulings and/or decisions he made in his judicial capacity during criminal proceedings over which he had jurisdiction. To the extent Plaintiff seeks relief from adverse decisions issued by Judge Moulton which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

2. <u>Final Orders</u>. With respect to the claims presented by Plaintiff challenging the constitutionality of orders issued by Judge Moulton which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case, with respect to

2

any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'   544 U.S. at 284, 125 S.Ct. [at] 1517."   *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.   *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Moulton during proceedings related to Plaintiff's pending criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).   *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**B. District Attorney Mark Johnson**

Plaintiff complains that Defendant Johnson initiated proceedings to have his (Plaintiff's) bond revoked knowing such action amounted to a conflict of interest because he previously represented Plaintiff prior to becoming a prosecutor. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).   "The prosecutorial function includes the initiation

and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

The actions about which Plaintiff complains with respect to Defendant Johnson arise from this defendant's role "as an 'advocate' for the state" and such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted). Defendant Johnson is, therefore, "entitled to absolute immunity for that conduct." *Id*. Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings related to his criminal proceedings before the Circuit Court for Houston County, Alabama. Thus, Plaintiff's complaint against Defendant Johnson is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

**C. Attorney Thomas Smith**

Plaintiff names attorney Thomas Smith as a defendant. Although Plaintiff makes no specific allegations against this defendant, under settled law, an essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*,

4

993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No.* 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). In light of the foregoing, the complaint against Defendant Smith is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before October 25, 2016**, Plaintiff may file objections. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of October 2016.

\s\ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE